IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON PETTET, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No: 1:06cv00065 (RJL) |
| | ) |
| UNITED STATES, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM IN SUPPORT OF UNITED STATES'
MOTION TO EXTEND TIME TO SERVE OPPOSITION TO
PLAINTIFF'S MOTION TO BIFURCATE AND TO REPLY TO
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

    This is a civil action in which plaintiff alleges that, beginning with tax year 1998, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code.1/  Plaintiff seeks a refund of all taxes paid in, damages for alleged "wrongful collection," and injunctive relief respecting further federal tax collection against him.

    1.    <u>Introduction and background.</u>  On January 12, 2006, plaintiff filed the present action.  The United States filed a motion to dismiss on March 6, 2006.  On March 28, 2006, plaintiff filed his opposition to the motion to dismiss and a motion to bifurcate.

---

    1/  Plaintiff apparently requested a jury trial.  Plaintiff is not entitled to a jury trial.  *See e.g., Retirement Care Associates, Inc. v. United States*, 3 F.Supp.2d 1434, 1445 (N.D. Ga. 1998).

2. <u>The time for the United States to respond to the response and motion.</u>
Plaintiff did not include a certificate of service with his response and motion. The response and motion were received electronically on June 15, 2006. Pursuant to LCvR 7(b) and Fed. R. Civ. P. 6(e), the United States is required to serve a reply on or before June 23, 2006 and a response to the motion on or before June 26, 2006.

3. <u>Relief Requested.</u> The trial attorney assigned primary litigation responsibility for this case has been out of the office since June 6, 2006. She plans to return to the office on June 28, 2006. The United States requires additional time to fully examine, research, and respond to plaintiff's response and motion. The United States requests an extension of time to reply to plaintiff's opposition to the motion to dismiss and to respond to plaintiff's motion to bifurcate, up to and including July 7, 2006.

4. <u>The Court has discretion to grant this motion.</u> Pursuant to Fed. R. Civ. P. 6(b)(1), the Court for cause shown, may enlarge the time for serving a response to the motion. As the revisers of Professor Moore's treatise on procedure have commented:

> When a party requests an extension before the time period has elapsed, pursuant to Rule 6(b)(1), the district court usually will be liberal in granting the request. Rule 6(b) allows the court to enlarge time periods in its discretion "for cause shown." What cause must be shown is not specifically set out in Rule 6(b), but some justification for the enlargement seems to be required. The court generally will find that cause has been shown and grant the extension unless the moving party has been negligent, shown bad faith, or abused the privilege of extensions.

1 Daniel R. Coquillette, et al., <u>Moore's Federal Practice</u>, § 6.06[2], p.6-40.1 (1999) (footnotes omitted); <u>Baden v. Craig-Hallum, Inc.</u>, 115 F.R.D. 582, 585 (D. Minn. 1987).

2

The United States has not been guilty of negligence or bad faith, nor has the privilege of extensions been abused.

5.   The United States telephoned plaintiff *pro se* seeking his consent to this motion and plaintiff *pro se* refused to consent.

## CONCLUSION

Based upon the foregoing, the United States respectfully requests that the Court grant this motion and extend the time by which the United States must respond to plaintiff's motion to bifurcate and reply to plaintiff's opposition to the United States Motion to Dismiss a reply up to and including July 7, 2006.

DATE: June 20, 2006.                    Respectfully submitted,

/s/ Pat Genis
PAT GENIS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6390/514-6866
Email: Pat.Genis@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney