IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON PETTET, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:06cv00065 (RJL) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND OPPOSITION TO PLAINTIFF'S MOTION TO BIFURCATE**

The United States submits this memorandum to address one point raised by plaintiff in opposition to the motion to dismiss and to respond to plaintiff's motion to bifurcate. The United States otherwise relies on its motion to dismiss.

STATEMENT

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS1/

Plaintiff cites to Judge Bates' decision in *Masterson v. United States*, 2006 WL 1102802 (D.D.C. 2006), and *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), for the proposition that the exhaustion requirement is non-jurisdictional.2/ First, this court

---

1/ Plaintiff also asserts that the motion should be treated as a motion for summary judgment because the motion to dismiss raises issues outside the complaint. (Pl. Opp. at 5.) Plaintiff is incorrect and his request should be denied.

2/ Judge Bates based his opinion on the Supreme Court's decision in *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235 (2006). In *Arbaugh*, the Supreme Court was addressing exhaustion in the context of Title VII and two private litigants. In the present case, the Court is addressing a section of the Internal Revenue Code and, more importantly, the United States and one private litigant.

is not bound by Judge Bates' decision. *See* 18 *Moore's Federal Practice* § 134.02[1][d] ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."); *see also Northwest Forest Resource Council v. Dombeck*, 107 F.3d 897, 900 (D.C. Cir. 1997).

Second, numerous courts have held that the requirement that a taxpayer exhaust administrative remedies prior to bringing suit is indeed jurisdictional. *See McGuirl v. United States*, 360 F.Supp.2d 129 (D.D.C. 2004), *aff'd* 2005 WL 3781733 (D.C. Cir. 2005) (unpublished); *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992); *Info. Res., Inc. v. United States*, 950 F.2d 1122, 1125-27 (5th Cir. 1992); *Bennett v. United States*, 361 F.Supp.2d 510, 514 (W.D. Va. 2005); *Simmons v. United States*, 875 F.Supp. 318, 319 (W.D.N.C. 1994); *Music Deli & Groceries, Inc. v. IRS*, 781 F.Supp. 992, 997 (S.D.N.Y. 1991); *Gaines v. United States*, 2006 U.S. Dist. LEXIS 14907 (D.D.C. 2006) (Huvelle); *Glass v. United States*, 2006 U.S. Dist. LEXIS 14908 (D.D.C. 2006) (Huvelle); *Koerner v. United States*, 2006 U.S. Dist. LEXIS 14909 (D.D.C. 2006) (Huvelle); *Pierce v. United States*, 2006 U.S. Dist. LEXIS 14910 (D.D.C. 2006) (Huvelle).

Third, assuming *arguendo*, that the requirement to exhaust is not a bar to the Court's jurisdiction, plaintiff failed to assert that he complied with the administrative requirements necessary to obtain a refund or damages for wrongful collection.

Fourth, even though Judge Bates held that section 7433's exhaustion requirement is not jurisdictional, he nevertheless dismissed the cases for failure to state a claim.

And last, Judge Bates' decision did not deal with section 7422, which requires

that administrative remedies must be exhausted before seeking a refund of taxes.3/

OPPOSITION TO PLAINTIFF'S ALTERNATIVE MOTION TO BIFURCATE

Assuming the Court denies his request to treat the motion as a motion for summary judgment, plaintiff asks the Court to bifurcate the case. (Pl. Opp. at 7.) First, plaintiff seeks to address the exhaustion argument and whether he has met an exception to the exhaustion requirement. Second, plaintiff would have the Court address liability. (*Id.*) Plaintiff appears to assert that the "bias exception to the nonjurisdictional exhaustion requirement" is applicable. (*Id.*) If the waiver requirement is jurisdictional, then plaintiff cannot argue the "bias exception." If the waiver requirement is nonjurisdictional, plaintiff still must assert that he filed an administrative claim for damages, because without the claim, the Court may not award plaintiff damages. 26 U.S.C. § 7433(d)(1). Also, plaintiff failed to demonstrate that his "interest[] in immediate judicial review outweigh[s] the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further[;]" or that his "administrative remedy is 'inadequate'." *See, e.g.*, *Gaines v. United States*, 2006 U.S. Dist. LEXIS 14907, * 12 (D.D.C. 2006).

---

3/ Plaintiff asserts that the United States "attempts to convert the instant damages action into a refund action brought nor intended. (*sic*)" (Pl. Opp. at 6.) Presumably, plaintiff is now abandoning his claim for a refund.

CONCLUSION

For the foregoing reasons and the reasons asserted in the United States' motion to dismiss, the United States requests that the Court deny plaintiff's motion to bifurcate and dismiss the case.

DATE: July 6, 2006.          Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

    IT IS CERTIFIED that the foregoing UNITED STATES' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND OPPOSITION TO PLAINTIFF'S MOTION TO BIFURCATE were caused to be served upon plaintiff *pro se* on the 7th day of July, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

    JASON PETTET
    *Plaintiff pro se*
    993 Orchard Avenue
    South Haven, MI 49090.

    /s/ Jennifer L. Vozne
    JENNIFER L. VOZNE

1797888.1