RECEIVED
JUL 2 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# United States District Court
IN THE DISTRICT OF COLUMBIA

Jason Pettet
993 Orchard Avenue
South Haven, Michigan

        Plaintiff(s),

v.

United States
        Defendant.

Case No. 1:06-cv-00065-RJL

REPLY TO RESPONSE TO
MOTION TO BIFURCATE

CROSS MOTION FOR SUMMARY JUDGMENT

Plaintiff hereby replies to defendant's Response to Motion to Bifurcate and enters this Cross Motion for Summary Judgment. This Reply/Cross Motion is supported by the following:

## ISSUES RAISED IN RESPONSE

1.    Counsel cites 18 Moore's Federal Practice § 134.02[1][d] ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."); and Northwest Forest Resource Council v. Dombeck, 107 F.3d 897, 900 (D.C. Cir. 1997), in asserting that the decision of the Hon. John D. Bates in Masterson v. United States, 2006 WL 1102802 (D.D.C. 2006), and Turner v. United States, 429 F.Supp.2d 149 (D.D.C. 2006), are "not binding precedent".

2.    Remarkably, counsel immediately follows that assertion by citing

- the only District of Columbia case 1) decided under the current provision; and, 2) upheld by the D.C. Circuit, albeit decided two years prior to the Supreme Court's decision in *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235

(2006), and upheld one year prior thereto[1];

- 3 out-of-circuit cases, all decided upon the original provision 1) since twice amended; and 2) overruled by *Arbaugh* [2];

- 3 out-of-district cases, 2 of which were decided upon the original provision since twice amended, and all 3 of which are overruled by *Arbaugh*[3]; and

- 4 recent in-district cases[4] which counsel insists are "not binding precedent".

3. Counsel appears to be asserting that 18 Moore's Federal Practice § 134.02[1][d] and Northwest Forest Resource Council v. Dombeck prohibit only the Plaintiff from citing district court cases as precedent, and that the defendant should be permitted to rely upon such cases; a perquisite of exercising the Peoples' sovereignty.

4. Counsel proceeds therefrom to regurgitating that "plaintiff failed to assert that he complied with the administrative requirements necessary to obtain a refund or damages for wrongful collection."

5. Counsel's reflex argument overlooks Plaintiff's verified allegation regarding lack of valid assessment(s) negating any assertion of "tax" which, once collected, could be subject

---

[1] McGuirl v. United States, 360 F.Supp.2d 129 (D.D.C. 2004), aff'd 2005 WL 3781733 (D.C. Cir. 2005) (unpublished).

[2] Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992); Info. Res., Inc. v. United States, 950 F.2d 1122, 1125-27 (5th Cir. 1992); Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994).

[3] Simmons v. United States, 875 F.Supp. 318, 319 (W.D.N.C. 1994); Music Deli & Groceries, Inc. v. IRS, 781 F.Supp. 992, 997 (S.D.N.Y. 1991); Bennett v. United States, 361 F.Supp.2d 510, 514 (W.D. Va. 2005).

[4] Gaines v. United States, 2006 U.S. Dist. LEXIS 14907 (D.D.C. 2006) (Huvelle); Glass v. United States, 2006 U.S. Dist. LEXIS 14908 (D.D.C. 2006) (Huvelle); Koerner v. United States, 2006 U.S. Dist. LEXIS 14909 (D.D.C. 2006) (Huvelle); Pierce v. United States, 2006 U.S. Dist. LEXIS 14910 (D.D.C. 2006) (Huvelle).

to "refund". I do not and could not seek "refund" for any "exaction in the guise of a tax", lacking assessment, and counsel's retreat to this issue demonstrates defendant's inability to address the issue of valid, existing assessment(s).

6. Counsel's reflex argument also ignores "the controlling significance of context" recognized by Ginsburg, J., in WACHOVIA BANK, N. A. V. SCHMIDT , ___ U.S.___, (04-1186, decided January 17, 2006), citing Citizens & Southern Nat. Bank v. Bougas, 434 U.S. 35. IRC section 7433 has, in all incarnations, authorized civil actions for damages resulting from disregard of any provision and any regulation "in connection with" any collection of tax, not simply "wrongful collection" as counsel infers; section 7433 contains no limitation to "disregard of 'collection provisions' or 'collection regulations' ", and counsel's misrepresentations cannot effect such change in the law.

7. Lastly, counsel curiously argues that my claim to a "bias exception to the nonjurisdictional exhaustion requirement (Id)" by asserting that "If the waiver requirement is jurisdictional, then plaintiff cannot argue the "bias exception," (emphases added) and proceeds to argue in the alternative that

> "If the waiver requirement is nonjurisdictional, plaintiff still must assert that he filed an administrative claim for damages, because without the claim, the Court may not award plaintiff damages. 26 U.S.C. § 7433(d)(1)."

8. The Court need only be satisfied that all available administrative remedies were exhausted. Clearly, a finding of agency bias in the first phase of a bifurcated case should be sufficient to establish lack of availability of an effective remedy, satisfying the provision.

9. Counsel continues

> "Also, plaintiff failed to demonstrate that his "interest[ ]in immediate judicial review outweigh[s] the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further[;]" or that his "administrative remedy is 'inadequate'."

citing yet another recent in-district case as precedent, in contradiction to her own assertions.

Whether bias, a threshold factual issue, exists in sufficiency to allow the Court to find the threshold factual exhaustion requirement met, can best be determined in bifurcation. If the Court finds, based upon an examination of evidence, that IRS is so biased as to be incapable of justly deciding an administrative claim, the exception to the factual requirement should be held applicable, and the case should proceed.

FACTS IN SUPPORT OF CROSS MOTION FOR SUMMARY JUDGMENT

1.  Defendant has moved to dismiss the above-captioned action, and supported that motion in reply.

2.  Defendant's reply in support of motion to dismiss is made with full knowledge that

> "For the purposes of a motion to dismiss, the material allegations of the complaint are taken as admitted. See, e.g., Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172, 174-175 (1965). And the complaint is to be liberally construed in favor of plaintiff. See Fed.Rule Civ.Proc. 8(f); Conley v. [395 U.S. 422] Gibson, 355 U.S. 41 (1957)."

Jenkins v. McKeithen, 395 U.S. 411, at 421-22.

5.  Defendant's reply in support of motion is made with full knowledge that the Court has treated such as motions for summary judgment.

6.  Defendant's reply in support of motion is made with full knowledge that a motion for summary judgment is decided upon "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," under Fed.R.Civ.P. 56(c).

7.  Defendant's reply in support of a motion construed as a motion for summary judgment is knowingly made without benefit of "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," sufficient to overcome

Plaintiff's Verified Complaint *See*: *Neal v. Kelley*, 963 F.2d 453 (D.C. Cir. 1992), or Plaintiff's Affidavit, and is a blanket admission.

Based upon defendant's blanket admission of all material allegations in Plaintiff's Complaint; and upon defendant's "mere allegations or denials" of Plaintiff's Complaint; and upon defendant's failure to "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," Plaintiff is the sole party entitled to summary judgment.

Respectfully,

_____
Jason Pettet

Dated: July 18, 2006

_____

### Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Michigan, personally appeared Jason Pettet, known to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that s/he executed the same as his/her free act and deed.

_____
Notary, State of Michigan



Sarah J Sisson
Notary Public, Allegan County MI
My Commission Expires Dec. 31, [illegible]
Acting in Van Buren County