IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON PETTET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No: 1:06cv00065 (RJL) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' OPPOSITION TO
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

This is a civil action in which plaintiff alleges that, beginning with tax year 1998, the Internal Revenue Service disregarded various provisions of the Internal Revenue Code. Plaintiff seeks a refund of all taxes paid in, damages for alleged "wrongful collection," and injunctive relief respecting further federal tax collection against him.1/

STATEMENT

The United States moved to dismiss, under Fed. R. Civ. P. 12(b), asserting that the Court lacks subject matter jurisdiction as plaintiff failed to establish that he exhausted his administrative remedies as required by 26 U.S.C. §§ 7422 and 7433 and that the Court lacks personal jurisdiction as plaintiff failed to effect proper service. The United States also asserted that plaintiff's request for injunctive relief is barred by the

---

1/ In his opposition the United States' motion to dismiss, Plaintiff asserts that the United States "attempts to convert the instant damages action into a refund action brought nor intended. (*sic*)" (Pl. Opp. at 6.) Presumably, plaintiff is now abandoning his claim for a refund.

Anti-Injunction Act. On or about June 18, 2006, plaintiff filed an opposition to the motion to dismiss and included a request to bifurcate the action. On July 7, 2006, the United States filed a reply in support of its motion to dismiss and an opposition to plaintiff's motion to bifurcate. On or about July 24, 2006, plaintiff then filed the present document styled as "Reply to Response to Motion to Bifurcate [and] Cross Motion for Summary Judgment." He asserts that he is entitled to judgment since the United States admitted all material allegations in the complaint. (Pl. Cross-Motion for Summary Judgment.)2/ Plaintiff is incorrect. The United States moved to dismiss for lack of personal and subject matter jurisdiction; it has not admitted all material allegations in the complaint.

Plaintiff also asserts that, in substantially similar cases, the Court has construed the United States' motion to dismiss for lack of subject matter jurisdiction as a motion for summary judgment (Pl. Cross-Motion for Summary Judgment.) Again, plaintiff is incorrect.

## CONCLUSION

For the reasons stated in the United States' motion to dismiss and the reasons stated above, the United States respectfully requests the Court deny plaintiff's cross-motion for summary judgment and grant the United States' motion to dismiss the case.

---

2/ Plaintiff failed to file a statement of material facts as to which he contends there is no genuine issue, as required by Local Rule 56.1. Consequently, the United States is not able to file a statement of genuine issues.

DATE: September 18, 2006.   Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT and proposed ORDER was caused to be served upon plaintiff *pro se* on the 18th day of September, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>JASON PETTET
>*Plaintiff pro se*
>993 Orchard Avenue
>South Haven, MI 49090.

>/s/ Jennifer L. Vozne
>JENNIFER L. VOZNE

1919974.1