# United States District Court
## IN THE DISTRICT OF COLUMBIA

RECEIVED
OCT 17 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Jason Pettet
993 Orchard Avenue
South Haven, Michigan

Case No. 1:06-cv-00065-RJL

               Plaintiff(s),

v.

United States
               Defendant.

REPLY TO OPPOSITION TO CROSS MOTION FOR SUMMARY JUDGMENT

Plaintiff hereby replies to defendant's Opposition to Cross Motion for Summary Judgment, addressing the matters raised therein.

In the introduction (untitled first paragraph), counsel continues the mischaracterization of the instant case as seeking "refund of all taxes paid in", and "damages for alleged "wrongful collection". Counsel's misrepresentative term of art, e.g., "wrongful collection", is nowhere found in the Amended Complaint. Plaintiff first seeks a determination as to whether officers or employees of defendant's agent disregarded provisions of the Internal Revenue Code or regulations promulgated thereunder "in connection with" collection activity in the absence of a valid, properly executed Certificate of Assessment; "exaction...in the guise of a tax." See: Enochs V. Williams Packing Co., 370 U.S. 1 (1962). If, upon evidence, the Court finds that such unauthorized actions were committed, <u>damages</u> — authorized by Congress — may then be determined; tort damages are in no sense a "refund". Counsel's retreat to this issue demonstrates defendant's inability to address the issue of valid, existing assessment(s).

Counsel's reflex argument also ignores "the controlling significance of context"

recognized by Ginsburg, J., in WACHOVIA BANK, N. A. V. SCHMIDT , ___ U.S.___, (04-1186, decided January 17, 2006), citing Citizens & Southern Nat. Bank v. Bougas, 434 U.S. 35.  IRC section 7433 has, in all incarnations, authorized civil actions for damages resulting from disregard of <u>any</u> provision and <u>any</u> regulation  "in connection with" any collection of tax, not simply "wrongful collection" as counsel mis-states; section 7433 contains no limitation to "disregard of 'collection provisions' or 'collection regulations' ", and counsel lacks authority to effect such change in the law.

Section titled: "STATEMENT"

Counsel insists "The United States...has not admitted all material allegations in the complaint." That counsel is unaware of, or merely disagrees with, the effect of a motion to dismiss, is irrelevant.  The Supreme Court's decision in Jenkins v. McKeithen, 395 U.S. 411, at 421-22, citing Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172, 174-175 (1965), is what it is:

> "For the purposes of a motion to dismiss, the material allegations of the complaint are taken as admitted. See, e.g., Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172, 174-175 (1965). And the complaint is to be liberally construed in favor of plaintiff. See Fed.Rule Civ.Proc. 8(f); Conley v. [395 U.S. 422] Gibson, 355 U.S. 41 (1957)."

Counsel then argues "Again, plaintiff is incorrect" in asserting that "the Court has construed the United States' motion to dismiss for lack of subject matter jurisdiction as a motion for summary judgment."  This oversimplification is as misrepresentative as it is incorrect.

Plaintiff asserted, and it is now established, that "lack of subject matter jurisdiction" is a non-issue.  The Court's power to hear the case at bar is no longer in

question. In a recent Memorandum Opinion, *Martin v. United States*, DDC 05-2506, September 22, 2006, the Honorable Rosemary M. Collyer discussed at length "the split of authority in this District regarding whether the exhaustion of administrative remedies is a jurisdictional prerequisite to bringing suit."

Relying upon *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1245 (Feb. 22, 2006); and *Turner v. United States*, 429 F. Supp. 2d 149, 154 (D.D.C. 2006), the Court (Collyer) made clear that "failure to exhaust administrative remedies *is not a jurisdictional prerequisite to bringing suit*". (emphasis added)

Citing other recent authority, Judge Collyer described a 12(b)(6) motion as an "affirmative defense." Plaintiff's assertion was and is that defendant's motion under 12(b)(6) should be construed as a motion for summary judgment, and cross-moved.

In respect of the *affirmative defense* of "failure to state a claim" under 12(b)(6), effectively *answering* the Complaint (rendering the motion to dismiss as a motion for summary judgment) the Court need only find agency bias (the first phase of a bifurcated case is the most judicially economical) to establish the lack of availability of an effective remedy, satisfying the "...no award...unless the Court determines..." language of 7433.

It is notable that counsel argues only that portion of Plaintiff's most recent motion that titled FACTS IN SUPPORT OF CROSS MOTION FOR SUMMARY JUDGMENT. Counsel has apparently abandoned arguments against bifurcation.

Based upon the foregoing, Plaintiff seeks summary judgment as contemplated

in, and governed by, Fed.R.Civ.P 56. Alternatively, Plaintiff seeks bifurcation of the case at bar, to facilitate the Court's determination regarding agency bias, in relation to "available administrative remedies."

Respectfully,

_____  Dated: October 12, 2006
Jason Pettet

## Acknowledgment

10/12/06

_____ On the above inscribed date before the undersigned, a Notary Public for the State of Michigan, personally appeared Jason Pettet, known to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that s/he executed the same as his/her free act and deed.

_____
Notary, State of Michigan
KAREN J. COLLINS
Notary Public, Calhoun County, MI
My Commission Expires 3/31/2007
acting in Calhoun County