UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 6 – 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| JASON PETTET, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:06-00065 (RJL) |
| UNITED STATES, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**
(November 3, 2006) [#7, #10, #15]

Plaintiff Jason Pettet, proceeding *pro se*, filed the instant action against the United States alleging misconduct by the Internal Revenue Service in the collection of taxes. Plaintiff seeks a "[r]efund of all unassessed taxes, return of all seized property, [and] return of all levied funds" pursuant to the Taxpayer Bill of Rights, 26 U.S.C. § 7433. (Compl. ¶ 20.) Plaintiff also seeks an order "enjoining the Internal Revenue Service . . . from engaging in any further collection activity," (Compl. ¶ 21), and an assessment of damages on account of the "reprehensible, egregious, and vexatious behavior of the defendant," (Compl. ¶ 19). Now before the Court is defendant's Motion to Dismiss for improper service of process and lack of subject matter jurisdiction. Plaintiff also filed a motion to bifurcate and a cross motion for summary judgment. For the reasons set forth below, defendant's Motion to Dismiss is GRANTED and plaintiff's motions are DENIED as moot.

## ANALYSIS

Plaintiff's Complaint is one of a bevy of nearly identical, boilerplate complaints filed in our Court by *pro se* plaintiffs. These complaints ask, *inter alia*, that the Court ignore regulations promulgated by the Secretary of Treasury pursuant to 26 U.S.C. § 7433(d)(1), which set forth the administrative remedy procedures with which taxpayers must comply before bringing suit for damages in a federal court.[1] *See* 26 C.F.R. § 301.7433-1(e)(1). Section 7433(d)(1) requires that plaintiff exhaust the administrative remedies available to the plaintiff within the Internal Revenue Service. *Id.* Plaintiff alleges that he has "exhausted all administrative remedies . . . by disputing the tax claims made by defendant . . . and [by] properly petitioning . . . for refunds." (Compl. ¶ 16.)

In assessing the relative merits of both parties' positions, this Court finds the decision in *Stewart v. United States*, 2006 WL 1582280 (D.D.C. 2006), recently entered by the

---

[1] The IRS has established by regulation the procedure by which a taxpayer may pursue a claim under § 7433. *See* 26 C.F.R. § 301.7433-1. These regulations make clear that an "action for damages filed in federal district court may not be maintained unless the taxpayer has filed an administrative claim pursuant to . . . this section." *Id.* § 301.7433-1(a). In order to properly file his administrative claim, a taxpayer must write to the "Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." *Id.* § 301.7433-1(e)(1). The regulations spell out with specificity the information that must be provided to the Area Director, including, *inter alia*, the "grounds, in reasonable detail, for the claim," a "description of the injuries incurred," and the "dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable." *Id.* § 301.7433-1(e)(2)(ii) - (iv). The taxpayer is further required to provide any "substantiating documentation" supporting his claim. *Id.* A civil action in federal district court cannot be maintained until either the IRS rules on the claim, or six months passes without a decision by the IRS on a properly filed claim. *Id.* § 301.7433-1(d)(i)-(ii). Failure to comply with the this regulation deprives the federal district court of jurisdiction. *See Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *McGuirl v. United States*, 360 F. Supp. 2d 125, 128 (D.D.C. 2004).

Honorable John D. Bates of our Court, to be particularly instructive. In *Stewart*, the Court dismissed similar claims because the plaintiff failed to exhaust his administrative remedies. *Id.* at *3. The Court stated: "Noticeably absent from this amalgam of conclusory, general statements that exhaustion has occurred is any description of how plaintiff satisfied the precise requirements of § 7433 and the administrative remedies."[2] *Id.* at *2.

The plaintiff's complaint in *Stewart* is essentially similar to the Complaint filed by the plaintiff in this case. Thus, due to the indistinguishable nature of the arguments presented in the two cases, and because this Court agrees with Judge Bates's reasoned analysis in *Stewart*,[3] this Court adopts Judge Bates's opinion and, accordingly, dismisses plaintiff's request for damages.

The Court also denies plaintiff's request for injunctive relief. Plaintiff argues in his Complaint that the Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421(a) — which provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be

---

[2] In another substantially similar case before Judge Bates, *Turner v. United States*, 429 F. Supp. 2d 149, 153 (D.D.C. 2006), plaintiffs explicitly "appeal[ed] to th[e] Court to exercise its inherent equitable authority" to supersede the TBOR's exhaustion requirements, as does plaintiff in this case. In rejecting plaintiffs' appeal, the Court reasoned: "Whatever 'extraordinary powers' this Court may possess to provide equitable relief in the proper cases, it most certainly does not include the power to rewrite statutes." *Turner*, 429 F. Supp. 2d at 153. Thus, the Court concluded that the concession by plaintiffs that they had failed to exhaust administrative remedies was "dispositive of the motion to dismiss because the language of the TBOR prohibits this Court from awarding plaintiffs their requested relief." *Id.*

[3] The Court notes, however, that the ultimate disposition of this case is not affected by the decision to examine the exhaustion issue under Federal Rule of Civil Procedure 12(b)(6) as opposed to 12(b)(1).

maintained in any court by any person, whether or not such person is the person against whom such tax was assessed" — does not apply to his case. (Compl.¶ 17.) The purpose of the Anti-Injunction Act is to afford the Internal Revenue Service the right to prompt collection of taxes without judicial intervention "by requiring that the legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). The United States Supreme Court has held that federal courts may only grant injunctive relief where (a) "it is clear that under no circumstances could the Government ultimately prevail" and (b) "if equity jurisdiction otherwise exists." *Commissioner v. Shapiro*, 424 U.S. 614, 627 (1976) (quoting *Enochs*, 370 U.S. at 7). Unless both prongs of this test are satisfied, a suit for injunctive relief must be dismissed. *See Alexander v. "Americans United" Inc.*, 416 U.S. 752, 758 (1974). The burden is on the taxpayer to demonstrate why a district court should exercise equity jurisdiction. *Cooper v. United States*, 2005 WL 3462281, at *1 (D.D.C. Nov. 3, 2005).

Here, plaintiff has not satisfied either prong of this test. First, the boilerplate allegations in his Complaint lack any specificity or "personalization" that would lend support to the notion that, "under no circumstances could the Government ultimately prevail." *Enochs*, 370 U.S. at 7. Indeed, the general allegations plaintiff does make are unsubstantiated by actual evidence of governmental wrongdoing as to this plaintiff in particular. Thus, the Court has no reason to believe that the Government would be unable to ultimately prevail on the merits. Second, plaintiff failed to set forth any reason why this

Court should exercise equity jurisdiction over their remaining claims. Accordingly, being unable to satisfy the two-prong *Enochs* test, plaintiff's prayer for injunctive relief is dismissed. An appropriate Order will issue with this Memorandum Opinion.

RICHARD J. LEON
United States District Judge